UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP J. BLOODWORTH,
    Plaintiff,

vs

JOHN DOE, *et al.*,
    Defendants.

Case No. 1:17-cv-450

Barrett, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint against defendants John Doe Chief Inspector, Warden Erdos, Inspector Mahlman, Major Warren, ADA Coordinator Memmert, HCA Warren, Lt. Setty, Sgt. McCroskey, C/O Cooper, Optometrist Shoemaker, and Doctor Eddy. (Doc. 6, Complaint at PageID 55). Plaintiff was granted leave to proceed *in forma pauperis* and a Report and Recommendation was issued to dismiss the complaint for failure to state a claim upon which relief may be granted. (Doc. 9). Plaintiff has filed a motion to amend his complaint (Doc. 10), which is hereby **GRANTED**.

Plaintiff has also filed a motion to appoint counsel. (Doc. 11). Plaintiff's motion is denied based upon the general principle that civil litigants have no constitutional right to the appointment of counsel at government expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988). Plaintiff's complaint is legible and articulate and he has adequately represented himself in this matter through the date of this decision. At this stage, plaintiff has failed to demonstrate the type of exceptional circumstances that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 605 606 (6th Cir. 1993). Accordingly, plaintiff's motion requesting counsel (Docs. 11) is **DENIED.**

This matter is now before the Court for a *sua sponte* review of the amended complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In plaintiff's original complaint, he sought to hold defendants liable in their individual capacities.  The undersigned has recommended those claims be dismissed because plaintiff failed to state a due process claim in the connection with the depravation of his contact lenses because he failed to alleged any facts indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate; he has no constitutional right to an investigation or grievance process; and he cannot hold defendants liable in their supervisory capacity.  (*See* Doc. 9).

In plaintiff's amended complaint, plaintiff reasserts his claims against defendants, noting that in his original complaint he erroneously sought to hold defendants liable in their individual capacities instead of their official capacities.  (*See* Doc. 10 at PageID 101).  Plaintiff again claims that defendants Setty and Cooper deprived him of his contacts without due process of law.  (*Id.* at PageID 102).  Plaintiff further claims that defendants Warren and Memmert violated his constitutional rights in connection with the grievance process, by "stating in my grievances I submitted to them 'contacts are not allowed at SOCF prison.'"  (*Id.*).  According to plaintiff, Warren and Memmert's actions constituted deliberate indifference to his medical needs.  Finally, plaintiff claims defendants Wilson, Mahlman, Shoemaker, Eddy, and Erdos violated his constitutional rights because they affirmed the denial of his grievances, prescribed him glasses that he claims would not work, and/or required him to pay for a replacement pair of contacts.  (*Id.* at Page 103).

As relief, plaintiff seeks monetary damages and for the Court to make the prison comply with Title II of the Americans with Disabilities Act. (*Id.*).

Plaintiff's amended complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). As noted above, plaintiff seeks to hold defendants liable in their official capacities and seeks monetary damages. However, absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted))). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Plaintiff also fails to state a claim for relief under the Americans with Disabilities Act. To establish disability discrimination under Title II of the ADA, plaintiff must prove: (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination solely on the basis of his disability. *See Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). Here, plaintiff has not alleged that he was discriminated against or otherwise denied adequate medical care on the basis of a disability. To the extent that plaintiff claims he was wrongly denied contact lenses, his allegation does not provide a basis for relief under the ADA. *See Watson v. Mohr*, 2:17-cv-457, 2017 WL 6383812, at *5 (S.D. Ohio Dec. 14, 2017) (Report and Recommendation) (finding that a plaintiff failed to state a claim for relief under the ADA for the denial of medical treatment where the claim was merely an Eighth Amendment deliberate indifference claim in another statutory guise, noting that "[n]either medical treatment decisions nor medical malpractice . . . may form the basis of a claim under the ADA"). *See also Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice."). In the absence of any allegation that plaintiff was discriminated against on the basis of a disability, his complaint fails to state a claim upon which relief may be granted under the ADA and should be dismissed.

Accordingly, in sum, the amended complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PHILLIP J. BLOODWORTH,  Case No. 1:17-cv-450
    Plaintiff,

                                         Barrett, J.
vs                                Bowman, M.J.

JOHN DOE, *et al.*,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).