# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PHILLIP J. BLOODWORTH,
    Plaintiff,

vs

JOHN DOE, *et al.*,
    Defendants.

Case No. 1:17-cv-450

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a pro se civil rights complaint against defendants John Doe Chief Inspector, Warden Erdos, Inspector Mahlman, Major Warren, ADA Coordinator Memmert, HCA Warren, Lt. Setty, Sgt. McCroskey, C/O Cooper, Optometrist Shoemaker, and Doctor Eddy. (Doc. 6, Complaint at PageID 55). Plaintiff was granted leave to proceed *in forma pauperis* and a Report and Recommendation was issued to dismiss the complaint for failure to state a claim upon which relief may be granted. (Doc. 9). Specifically, it was recommended that plaintiff's claims be dismissed because plaintiff failed to state a due process claim in the connection with the deprivation of his contact lenses because he failed to alleged any facts indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate; he has no constitutional right to an investigation or grievance process; and he cannot hold defendants liable in their supervisory capacity. (*See* Doc. 9).

Plaintiff was subsequently granted leave to file an amended complaint. (Doc. 14). In the amended complaint, plaintiff repeated the same factual allegations against the named defendants but indicated that he wished to hold defendants liable in their official capacities. Plaintiff also sought relief under the Americans with Disabilities Act ("ADA"). The undersigned has recommended that the amended complaint also be dismissed for failure to state a claim upon which relief may be granted. As noted in the July 24, 2018 Report and Recommendation,

defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages and plaintiff fails to state a claim for relief under the ADA. (*See* Doc. 14).

Plaintiff has now filed a second motion for leave to amend his complaint. (Doc. 17). Therein, plaintiff indicates that he wishes to name the Ohio Department of Rehabilitation and Correction ("ODRC") and the Southern Ohio Correctional Facility ("SOCF") as additional defendants. (*See id.* at PageID 135). He otherwise maintains that this action is an official capacity suit and reasserts his claim under the ADA. (*See id.*).

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, a plaintiff may amend the complaint either with consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000).

In this instance, plaintiff should be denied leave to file a second amended complaint because the proposed amended complaint fails to state a claim upon which relief can be granted. For the reasons stated in the July 24, 2018 Report and Recommendation, plaintiff is unable to hold defendants liable in their official capacities for money damages and fails to state a claim upon which relief may be granted under the ADA.[1] (*See* Doc. 14). Furthermore, to the extent

---

[1] In support of his ADA claim, plaintiff only offers the conclusory allegation that the ODRC and SOCF discriminated against him solely based on his disability, which also resulted in an Eighth Amendment violation. (Doc. 17 at PageID

2

that plaintiff seeks to name the ODRC or SOCF as defendants to this action, neither proposed defendant is a person under § 1983. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A local jail or correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Davis v. Belmont Correctional Institution*, No. 2:05-cv-1032, 2006 WL 840387, at *3 (S.D. Ohio Mar. 30, 2006) (citing *Rhodes v. McDannel,* 145 F.2d 117, 120 (6th Cir. 1991) (sheriff's department not a "person" under § 1983); *Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983); *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a "person" for § 1983 purposes); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (same); *Mitchell v. Chester County Farm Prisons,* 426 F. Supp. 271, 274 (E.D. Penn. 1976) (same)). *See also Dauban v. Marquette County Jail*, No. 2:06-cv-65, 2006 WL 2700747, at *3 (W.D. Mich. Sept. 18, 2006) (and cases cited therein).

Accordingly, in sum, plaintiff's motion for leave to file a second amended complaint (Doc. 17) should be **DENIED** because the proposed second amended complaint fails to state a claim upon which relief may be granted.

**IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

136). Plaintiff's conclusory allegation, devoid of factual enhancement, is insufficient to state a claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Furthermore, as stated in the July 24, 2018 Report and Recommendation, plaintiff may not bring an ADA claim where the claim is merely an Eighth Amendment deliberate indifference claim in another statutory guise. (*See* Doc. 14 at PageID 121).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PHILLIP J. BLOODWORTH,  
    Plaintiff,

vs

JOHN DOE, *et al.*,  
    Defendants.

Case No. 1:17-cv-450

Barrett, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).