# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION CINCINNATI

PHILLIP J. BLOODWORTH,

    Plaintiff,

vs.

JOHN DOE, ET AL.,

    Defendants.

Case No.1:17-CV-00450-MRB

Barrett, J.
Bowman, M.J.

## ORDER

This matter is before the Court on Plaintiff's objections (Docs. 12, 15) to the magistrate judge's reports (Docs. 9, 14) recommending dismissal of Plaintiff's original complaint and amended complaint. This Order also addresses Plaintiff's most recent set of objections (Doc. 22), which were received after the Court adopted the magistrate judge's August 16, 2018 report and recommendation. (Doc. 18).

### I. BACKGROUND

The magistrate judge summarized Plaintiff's factual allegations (Docs. 9, 14), which will not be restated here except as necessary to address Plaintiff's objections.

On June 29, 2017, Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), filed an unsigned *pro se* civil rights complaint against Defendants John Doe Chief Inspector, Warden Erdos, Inspector Mahlman, Major Warren, ADA Coordinator Memmert, HCA Warren, Lt. Setty, Sgt. McCroskey, C/O Cooper, Optometrist Shoemaker, and Doctor Eddy in their individual capacities. (Doc. 1). On July 6, 2017, the magistrate judge entered a deficiency order, requiring Plaintiff to sign his complaint. (Doc. 2). On July 31, 2017, Plaintiff filed a signed version of his complaint. (Doc. 6). On September 19, 2017, the magistrate judge *sua sponte* recommended that the complaint be

dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (Doc. 9). On September 29, 2017, Plaintiff filed objections to the foregoing recommendation. (Doc. 12).

On July 24, 2018, the magistrate judge granted Plaintiff leave to file an amended complaint, but concurrently recommended that the amended complaint also be dismissed with prejudice. (Doc. 14). On August 10, 2018, Plaintiff filed objections to the foregoing recommendation. (Doc. 16).

On August 10, 2018, Plaintiff also sought leave to file a second amended complaint. (Doc. 17). On August 16, 2018, the magistrate judge recommended that the motion be denied. (Doc. 18). The objection deadline was September 4, 2018. On September 6, 2018, the Court adopted the August 16, 2018 report and recommendation because it had not received objections to the same. (Doc. 19). On September 12, 2018, the Court received and docketed Plaintiff's objections (Doc. 22) to the August 16, 2018 report and recommendation. Plaintiff's certificate of service states that he mailed his objections on September 3, 2018; however, the objections bear a September 5, 2018 postmark. (*See* Doc. 22-1).

## II.   ANALYSIS

Plaintiff's original, signed complaint (Doc. 6) was superseded on July 24, 2018 by his amended complaint (Doc. 13). Accordingly, Plaintiff's first set of objections (Doc. 12) to the original complaint's recommended dismissal is **OVERRULED AS MOOT**.

### A. Objections to August 10, 2018 R&R (Doc. 15)

Because Plaintiff's first set of objections (Doc. 12) is moot, the Court will address the merits of Plaintiff's August 10, 2018 objections (Doc. 15) to the recommended dismissal of his amended complaint. Although Plaintiff does not identify *specific* objections to the magistrate judge's proposed findings and recommendations, as required under Fed. R. Civ. P. 72, he generally argues: (1) the magistrate judge erred in deeming Defendants entitled to immunity for

2

any alleged violation of his constitutional rights; and (2) the magistrate judge erred in rejecting his ADA claim, because she erroneously rejected the existence of his disability. Neither objection is well taken.

First, the magistrate judge was correct to recommend dismissal of the constitutional claims on the basis of immunity. In sum, Plaintiff's amended complaint changed theories to argue that Defendants were liable in their *official* capacities because they deprived him of his contact lenses without due process of law. (Doc. 14, PageID 119). The Court agrees that a suit against Defendants in their respective "official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents"—*i.e.*, the State of Ohio. *Monell*, 436 U.S. at 690. Plaintiff's allegations, accepted as true, do not defeat the immunity of the State of Ohio. *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).[1]

Second, the magistrate judge correctly rejected Plaintiff's ADA claim. Contrary to Plaintiff's objections, the magistrate judge never denied the existence of a disability. Rather, the magistrate judge concluded that, in "the absence of any allegation that plaintiff was discriminated against on the basis of a disability, his complaint fails to state a claim upon which relief may be granted under the ADA and should be dismissed." (Doc. 14, PageID 121). The undersigned agrees. To the extent that

---

[1] Furthermore, Plaintiff's apparent desire to add ODRC, SOCF, and/or Scioto County as parties (Doc. 22, PageID 159) would not cure his pleading deficiencies. ODRC and SOCF are not proper parties for the reasons articulated by the magistrate judge (Doc. 18, PageID 150). Furthermore, a claim against Scioto County cannot succeed. To prevail against Scioto County, Plaintiff must allege that his injuries "were the result of an unconstitutional policy or custom of the *County*." *Mockbee v. Scioto Cty. Adult Parole Auths.*, No. 1:17-cv-254, 2017 U.S. Dist. LEXIS 77416, at *8 (S.D. Ohio May 22, 2017) (emphasis added). As an inmate at an *ODRC*-run facility, Plaintiff has not identified any *county* policy that would subject Scioto County to suit under § 1983. *Id.*

3

plaintiff claims he was wrongly denied contact lenses, his allegation does not provide a basis for relief under the ADA. *See Watson v. Mohr*, 2:17-cv-457, 2017 WL 6383812, at *5 (S.D. Ohio Dec. 14, 2017) (Report and Recommendation) (finding that a plaintiff failed to state a claim for relief under the ADA for the denial of medical treatment where the claim was merely an Eighth Amendment deliberate indifference claim in another statutory guise, noting that "[n]either medical treatment decisions nor medical malpractice . . . may form the basis of a claim under the ADA"). *See also Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice.").

### B. Plaintiff's Filings of September 12, 2018 (Docs. 20-22)

After the Court adopted the August 16, 2018 report and recommendation, Plaintiff filed two motions: (1) a Motion Requesting Defendants Waive 11th Amendment Rights (Doc. 20); and (2) Motion to Alter Amended Complaint (Doc. 21). On September 12, 2018, the Court also received and docketed Plaintiff's objections to the August 16, 2018 report and recommendation.

Neither motion is well taken. The motion requesting waiver (Doc. 20) has no basis in the Federal Rules of Civil Procedure, and the motion to amend (Doc. 21) offers no information or arguments assuaging the Court's futility concerns.

Furthermore, considering the merits of Plaintiff's most recent objections (Doc. 22) – despite their debatable timeliness – the Court's position remains the same. The objections challenge the magistrate judge's conclusions regarding: (1) municipal/state liability for allegedly destroying Plaintiff's contact lenses (Doc. 22, PageID 160); (2) disability discrimination (*id*. at 162); and (3)

Plaintiff's entitlement to court-appointed counsel (*id*. at 159, 160-162).  Plaintiff's first two objections are covered by the Court's analysis in Section II.A, *supra*.  Plaintiff's third objection is not well taken, as he is not entitled to the appointment of counsel in a civil case.  Plaintiff has failed to demonstrate the type of exceptional circumstances that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 605 606 (6th Cir. 1993).

**III.     CONCLUSION**

Therefore, consistent with the above, the Court:

(1) **OVERRULES AS MOOT** Plaintiff's September 29, 2017 Objections (Doc. 12);

(2) **OVERRULES** Plaintiff's August 10, 2018 objections (Doc. 16);

(3) **OVERRULES** Plaintiff's September 12, 2018 objections (Doc. 22);

(4) **ADOPTS** each report and recommendation of the magistrate judge (Doc. 9.; Doc. 14; Doc. 18);

(5) **DENIES** Plaintiff's motion to appoint counsel (Doc. 15); and

(6) **DENIES** Plaintiff's recent motions for waiver (Doc. 20) and to amend (Doc. 21).

Accordingly, this case is closed and terminated from the docket of this Court.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith, and therefore denies Plaintiff leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

                                              s/*Michael R. Barrett*
                                              United States District Judge